IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| T-REX PROPERTY AB, | § | |
| | § | |
| v. | § | Case No. 6:16-cv-927-JDK-KNM |
| | § | (Lead Case) |
| REGAL ENTERTAINMENT GROUP. | § | |
| | § | |

| | | |
|---|---|---|
| T-REX PROPERTY AB, | § | |
| | § | |
| v. | § | |
| | § | Case No. 6:16-cv-974-JDK-KNM |
| CLEAR CHANNNEL OUTDOOR | § | (Consolidated Case) |
| HOLDINGS, INC; CLEAR TV MEDIA | § | |
| USA, INC.; and MONSTER VISION, | § | |
| LLC D/B/A/ MONSTER MEDIA. | § | |

## ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Judge Mitchell has presented for consideration a Report and Recommendation (Docket No. 152, the "Report"), which contains her findings, conclusions, and recommendations regarding the invalidity portion of Defendants' Motion for Summary Judgment (Docket No. 130). The Report recommends granting-in-part and denying-in-part the motion. Both Plaintiff T-Rex and Defendants Clear Channel Outdoor Holdings, Inc.; Clear TV Media USA, Inc.; and Monster Vision, LLC filed written objections (Docket Nos. 154; 156).[1] Having reviewed the briefing on the

---

[1] Defendants Clear TV Media USA, Inc. and Monster Vision, LLC have since been dismissed from this action. Docket No. 172. Accordingly, the Court **OVERRULES** as **MOOT** all objections to the Report those two parties raised.

1

motion, the Report, and the written objections, and for the reasons explained below, the Court **ADOPTS-IN-PART** the Magistrate Judge's Report and Recommendation (Docket No. 152), **GRANTS** summary judgment of invalidity as to claims 25 and 26 of U.S. Patent No. RE39,470 ("the '470 Patent") and claim 22 of U.S. Patent No. 7,382,334 ("the '334 Patent"), and **DENIES** summary judgment of invalidity as to claim 32 of the '334 Patent and claims 13, 42, and 43 of U.S. Patent No. 6,430,603 ("the '603 Patent").

## I. STANDARD OF REVIEW

This Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II. PARTY OBJECTIONS

The Report recommends granting summary judgment of invalidity on claim 25 of the '470 Patent on § 101 grounds and granting summary judgment of invalidity on claim 22 of the '334 Patent for indefiniteness. The Report further recommends denying summary judgment on claim 26 of the '470 Patent and claim 32 of the '334 Patent because Defendant Clear Channel failed to show that claim 25 is

representative of these claims and denying summary judgment on the asserted claims of the '603 Patent because they are directed to patent-eligible subject matter.

Defendant Clear Channel objects to the Magistrate Judge's findings that: (1) it failed to show that claim 25 of the '470 Patent is representative of claim 26 of the '470 Patent and claim 32 of the '334 Patent; and (2) the asserted claims of the '603 Patent are directed to patent-eligible subject matter.

Plaintiff T-Rex objects to the Magistrate Judge's recommendation to grant summary judgment as to claim 25 of the '470 Patent and claim 22 of the '334 Patent. Specifically, T-Rex contends that the Magistrate Judge's analysis of claim 25 was flawed in both steps of the two-step § 101 analysis. *See Alice Corp. v. CLS Bank Int'l.*, 573 U.S. 208 (2014). T-Rex also objects to the recommendation to grant summary judgment that claim 22 is invalid due to indefiniteness "solely in order to preserve error for appeal." Docket No. 154 at 6.

## A. Claim Representativeness

The Magistrate Judge recommends denying summary judgment as to claim 26 of the '470 Patent and claim 32 of the '334 Patent because Clear Channel failed to show that claim 25 of the '470 Patent is representative of the other two claims. Relying on representativeness, Clear Channel presented substantive arguments based only on claim 25 of the '470 Patent, making no independent arguments for invalidity of claim 26 of the '470 Patent or claim 32 of the '334 Patent.

Acknowledging that the Magistrate Judge did not have the benefit of Chief Judge Gilstrap's recent Memorandum Opinion and Order on this issue, the Court finds *PPS Data, LLC v. Jack Henry & Associates, Inc.*, No. 2:18-cv-7-JRG, Docket

3

No. 156, at 5-18 (E.D. Tex. Sept. 6, 2019) instructive here. *PPS Data* notes "that the Federal Circuit has never expressly addressed the legal framework for addressing disputes about representative claims." *Id.* at 5. Accordingly, Chief Judge Gilstrap proposes a burden-shifting framework for analyzing representativeness.

Under the *PPS Data* framework, "[t]he party asserting invalidity may overcome the presumption of independent validity by offering a substantial rationale for treating a claim as representative of other asserted claims." *Id.* at 7. Once the party challenging validity has made "a prima facie case demonstrating representativeness," the burden shifts to the patentee to identify limitations in the asserted claims that are not represented by the allegedly representative claim. *Id.* at 9. "Unless a court finds the issue of representativeness to be clear, it should conduct—and require the parties to conduct—an individualized analysis of the claims at issue." *Id.* at 11.

Clear Channel argues that claim 25 of the '470 Patent is representative of claim 26 of the '470 Patent and claim 32 of the '334 Patent because the claims "are substantively similar and directed to the same abstract idea." Docket No. 130 at 24 n.2. Clear Channel explains that in the '470 Patent, claim 26 merely rewrites method claim 25 as a system claim "by adding a handful of generic computer components configured to implement the same abstract idea recited in [c]laim 25." *Id.* On the '334 Patent, Clear Channel argues that unasserted claim 22 is a method claim that simply rearranges the steps of claim 25 of the '470 Patent and that asserted claim 32 of the '334 Patent rewrites claim 22's method as an "arrangement for

4

coordinating and controlling electric displays." *Id.* Clear Channel contends that adding generic computer components or rearranging the claimed steps does not change the fundamental abstract nature of the claims. *Id.*

### 1. '470 Patent, Claim 26

Reviewing the relevant '470 Patent claims, the Court finds that Clear Channel has made a prima facie case that claim 25 of the '470 Patent is representative of claim 26 of the '470 Patent. "[T]he representativeness inquiry must be 'directly tethered to the claim language.'" *PPS Data*, No. 2:18-cv-7-JRG, Docket No. 156 at 7 (quoting *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019)). Here, claims 25 and 26 of the '470 Patent use virtually identical language to claim a method and a system respectively. The only changes to claim 26 are the addition of the generic computers and "means" for executing the method of claim 25. But where a system claim recites "a handful of generic computer components configured to implement the same idea" as an ineligible method claim, the claims rise or fall together. *Alice Corp.*, 573 U.S. 208, at 226–27 (2014). And here, the recited computers and "means" terms, as construed, are merely generic computer components, including "a computerized control center having a plurality of communication interfaces," "Server 3 of central computer 28" configured to perform the steps of the claim, "a computerized device . . . coupled to said computerized control center," and "projector computer 38 connected to projector 22 or an electronic display." *See* Docket No. 104 at 12, 15–16 (construing claim 26's means terms).

T-Rex does not effectively rebut Clear Channel's argument that claim 25 is representative of claim 26 in the '470 Patent. Rather, T-Rex merely "objects" to claim

5

25 as representative because claim 26 includes "means" limitations that have "lengthy corresponding structures" that claim 25 does not. Docket No. 14 at 42 n.6. But T-Rex never challenges that the "means" limitations are anything other than generic computer components. And because these "means" limitations are merely generic computer components that carry out functions virtually identical to the steps of claim 25's method, this is not a meaningful distinction. Accordingly, Clear Channel has made a prima facie case for representativeness, and T-Rex has not presented "any meaningful argument for the distinctive significance of any claim limitations" between claims 25 and 26 of the '470 Patent. *PPS Data*, No. 2:18-cv-7-JRG, Docket No. 156 at 9 (quoting *Berkheimer*, 881 F.3d at 1365). The Court therefore finds that claim 25 is representative of claim 26 in the '470 Patent and **SUSTAINS** Clear Channel's objections as to representativeness of that claim.

### 2. '334 Patent, Claim 32

Conversely, Clear Channel has not made a prima facie case of substantial similarity between claim 25 of the '470 Patent and claim 32 of the '334 Patent. First, and most critically, claim 32's language is substantially different than claim 25's. *Compare* '470 Patent, claim 25 *with* '334 Patent, claim 32. While many of the same ideas may be present, it is not clear that claim 32 of the '334 Patent covers a system implementing the method of claim 25 of the '470 Patent in the same way that claim 26 of the '470 Patent does. Again, "the representativeness inquiry must be 'directly tethered to the claim language.'" *PPS Data*, No. 2:18-cv-7-JRG, Docket No. 156 at 7 (quoting *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019)). And

6

Clear Channel does not sufficiently demonstrate the required parallels between the claim language.[2]

Also, "absent a case-specific justification, courts should generally not find a claim in one patent representative of other claims in other patents." *Id.* at 8 (citing *Novartis Pham. Corp. v. Breckenridge Pharm. Inc.*, 909 F.3d 1355, 1362 (Fed. Cir. 2018)). Here, claim 25 comes from the '470 Patent while claim 32 comes from the '334 Patent. Further, while the '334 Patent issued from a continuation-in-part of the application leading to the '470 Patent and includes many similarities, the patents do not share an identical specification. *Cf. PPS Data*, No. 2:18-cv-7-JRG, Docket No. 156 at 14 ("If claims are supported by the same written description, the probability of overlap between claimed material is higher than if the claims are supported by separate specifications.").

Claim 32 of the '334 Patent differs significantly from claim 25 of the '470 Patent. And, considering these differences, Clear Channel has failed to offer "a substantial rationale" for treating claim 25 of the '470 Patent as representative of claim 32 of the '334 Patent. *PPS Data*, No. 2:18-cv-7-JRG, Docket No. 156 at 7. Further, Clear Channel provided no independent invalidity analysis for '334 Patent, claim 32. Accordingly, for claim 32 of the '334 Patent, the Court **OVERRULES** Clear Channel's objections, **ADOPTS** the Magistrate Judge's Report & Recommendation, and **DENIES** summary judgment of invalidity.

---

[2] While Chief Judge Gilstrap explains that a chart mapping representative claim limitations is not required, this is certainly a case where it would "add force to a claim of representativeness" and may have helped Defendant carry its prima facie burden. *PPS Data*, No. 2:18-cv-7-JRG, Docket No. 156 at 7 n.4.

**B.    '470 Patent, Claims 25 and 26 Validity[3]**

The Magistrate Judge recommends granting summary judgment of invalidity as to claim 25 of the '470 Patent because it is directed to patent-ineligible subject matter under 35 U.S.C. § 101.  The Supreme Court has outlined a two-step § 101 analysis consisting of the "ineligible concept" step and the "inventive concept" step. *See Alice,* 573 U.S. at 217.  In computer-based patents, step one looks to whether claims recite patent-ineligible "abstract-idea-based solutions implemented with generic technical components in a conventional way" or whether claims recite an eligible "technology-based solution and software-based invention that improves the performance of the computer system itself." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.,* 362 F.Supp.3d 370, 375 (E.D. Tex. 2019) (quoting *Amdocs (Israel) Ltd. V. Openet Telecom, Inc.,* 841 F.3d 1288, 1299 (Fed. Cir. 2016)).  If a claim is directed to a patent-ineligible concept, courts move on to step two, the inventive-concept step.  *Id*.  The inventive-concept step "considers the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application."  *Id*. (quoting *Alice*, 573 U.S. at 217–218) (internal quotation marks omitted).

The Magistrate Judge found that claim 25 is directed to an abstract idea and that nothing in the claim transforms the otherwise patent-ineligible abstract idea into patent-eligible subject matter.  Docket No. 152 at 21.  The Magistrate Judge

---

[3] Because the Court finds that claim 25 of the '470 Patent is representative of claim 26, the analysis here applies to both claims 25 and 26 of the '470 Patent.

8

therefore found that '470 Patent, claim 25 failed both steps of *Alice*'s § 101 eligibility test. *Id.*

When evaluating the ineligible concept step, it is "sufficient to compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). The Magistrate Judge looked to *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018), among others, for comparison. Thoroughly analyzing claim 25 here, the Magistrate Judge found that it is directed to "receiving, organizing, displaying, and updating information for display." Docket No. 152 at 16-17. And as in *Interval Licensing*, claim 25 is "directed to an abstract idea because [it] consist[s] of generic and conventional information acquisition and organization steps that are connected to, but do not convert the abstract idea . . . into a particular conception of how to carry out that concept." 896 F.3d at 1346.

T-Rex contends the Magistrate Judge erred in her ineligible-concept analysis by distinguishing *Enfish* as inapposite. The Court disagrees with T-Rex's conclusory contention that the Magistrate Judge "unduly narrowed the *Enfish* holding to its facts." Docket No. 154 at 2. In *Enfish*, the Federal Circuit determined that the claims at issue were "directed to a specific improvement to the way computers operate, embodied in the self-referential table." *Enfish,* 822 F.3d at 1336. In other words, the technology in *Enfish* was specifically designed to improve the way a computer functions by improving upon the way existing computer software operated. Here, T-Rex has not improved the way a computer operates. Rather, the claimed invention

discloses a series of broad, generic, and functional information-acquisition and -organization steps. The Court therefore agrees with the Magistrate Judge that claim 25 is directed to an abstract idea.

In *Alice* step two, the Court considers "whether there are any 'additional features' in the claims that constitute an 'inventive concept,' thereby rendering the claims eligible for patenting even if they are directed to an abstract idea." *Intellectual Ventures I LLC v. Capital One Fin. Corp.,* 850 F.3d 1332, 1342 (Fed. Cir. 2017) (quoting *Alice,* 573 U.S. at 221). "Those 'additional features' must be more than 'well-understood, routine, conventional activity." *Id*. (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 79 (2012)). "[M]erely describ[ing] the functions of the abstract idea itself, without particularity . . . is simply not enough under step two." *Id*. at 1341.

Under step two, T-Rex objects that the Magistrate Judge misapplied *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018). Docket No. 154 at 4. T-Rex argues that *Berkheimer* holds that whether claim elements are routine and conventional to the skilled artisan in the relevant field is a question of fact rendering summary judgment inappropriate. *Id.* T-Rex asserts that because it provided unrebutted expert testimony that certain claim elements were not "well-understood, routine, and conventional," that "it was inappropriate to grant summary judgment of invalidity." *Id*.

However, the Magistrate Judge fully considered T-Rex's expert-witness testimony. Docket No. 152 at 19–21. Generally, the Magistrate Judge found the

expert's statements conclusory, and therefore "insufficient to create a genuine issue of material fact as to whether the claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field." Docket No. 152 at 20 (citing *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1001 (Fed. Cir. 2008); *Printeron Inc. v. Breezyprint Corp.*, 93 F. Supp. 3d 658, 699 (S.D. Tex. 2015); and *GTX Corp. v. Kofax Image Prods.*, 571 F. Supp. 2d 742, 751 (E.D. Tex. 2008)). Examining the expert's statements, the Court agrees. While Mr. Jawadi opines that claim 25 "incorporates unique, innovative, non-conventional, non-generic elements," he merely repeats the claimed limitations without explaining their novelty. *E.g.*, Docket No. 1-5 at ¶ 28. Further, T-Rex could provide no satisfatory explanation of claim 25's inventive concept when questioned at oral argument. Docket No. 152 at 19. Offering only conclusory expert opinions, T-Rex has failed to raise a genuine issue of material fact under step two and has not demonstrated that claim 25 contains an inventive concept.

Accordingly, for claims 25 and 26 of the '470 Patent, the Court **OVERRULES** T-Rex's objections, **ADOPTS** the Magistrate Judge's Report & Recommendation, and **GRANTS** summary judgment of invalidity.

**C.    '603 Patent, Claim 13 Validity**

The Magistrate Judge recommends denying summary judgment of invalidity as to claim 13 of the '603 Patent, finding that the asserted claims are directed to

11

patent-eligible subject matter.[4] In her Report, the Magistrate Judge found that Clear Channel failed to satisfy its burden to show that the '603 Patent is directed to an abstract concept under step one of *Alice*, rendering step two unnecessary. Docket No. 152 at 21–25.

Clear Channel contends that claim 13 of the '603 Patent, the only asserted independent claim, is even broader and more abstract than claim 25 of the '470 Patent because it does not incorporate real-time control, and it is directed to the abstract idea of scheduling displays and transmitting content. *See* Docket No. 130 at 25. Clear Channel further argues that claim 13 is directed to "collecting information from third parties about what and when to display, manipulating that information, and ultimately displaying that information." Docket No. 130 at 26–27. T-Rex responds that Clear Channel's characterization ignores the novel configuration of software and hardware components recited in the asserted claims and describes the claim at such a high level of abstraction that it misapplies 35 U.S.C. § 101. Docket No. 144 at 44.

Claim 13 of the '603 Patent does not merely recite generic information acquisition and organization steps, as Clear Channel contends. Rather, as the Magistrate Judge explained, it is directed to a specific system that allows a content contributor to select the time and location at which specific content is displayed across a network of display devices at various geographic locations. *See* Docket No. 152 at 4. Claim 13 thus describes a non-abstract idea. The Magistrate Judge properly found

---

[4] Clear Channel also moved for summary judgment of invalidity on claims 42 and 43 of the '603 Patent, relying on their substantive arguments for claim 13. Because the Court denies summary judgment of invalidity as to claim 13, it also denies summary judgment of invalidity as to claims 42 and 43.

that Clear Channel failed to show by clear and convincing evidence that claim 13 of the '603 Patent is directed to an abstract idea under *Alice*. *Id*. at 24–25. Accordingly, for the asserted claims of the '603 Patent, the Court **OVERRULES** Clear Channel's objections, **ADOPTS** the Magistrate Judge's Report & Recommendation, and **DENIES** summary judgment of invalidity.

### D. '334 Patent, Claim 22 Validity

The Magistrate Judge recommends granting summary judgment of invalidity as to claim 22 of the '334 Patent. Docket No. 152 at 2 n.2. The Magistrate Judge's *Markman* Order found the term "able to create and update said exposure list in real time with control instruction fields via dynamic booking of information in time for exposure from mediators" indefinite. Docket No. 104 at 22–23. The Court overruled T-Rex's objections and adopted the *Markman* Order, including the ruling on this term from claim 22. Docket No. 136 at 7. T-Rex objects to summary judgment as to claim 22 of the '334 Patent "solely in order to preserve error for appeal." Docket No. 154 at 6. T-Rex contends that the indefinite term is "readily capable of construction with reasonable certainty without any correction, and that Clear Channel has not carried its clear and convincing burden of proof of invalidity by showing a substantive ambiguity in claim scope." *Id*. at 7.

The Court has considered and rejected T-Rex's argument on this term. Accordingly, for claim 22 of the '334 Patent, the Court **OVERRULES** T-Rex's objections, **ADOPTS** the Magistrate Judge's Report & Recommendation, and **GRANTS** summary judgment of invalidity.

### III. CONCLUSION

Having reviewed the objected-to portions de novo, the Court **ADOPTS-IN-PART** the Magistrate Judge's Report and Recommendation (Docket No. 152). As explained above, the Court **GRANTS** summary judgment of invalidity as to claims 25 and 26 of the '470 Patent and claim 22 of the '334 Patent and **DENIES** summary judgment of invalidity as to claim 32 of the '334 Patent and claims 13, 42, and 43 of the '603 Patent.

So **ORDERED** and **SIGNED** this **27th** day of **September, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE