**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| T-REX PROPERTY AB, | § | |
| | § | |
| v. | § | Case No. 6:16-cv-927-JDK-KNM |
| | § | (Lead Case) |
| REGAL ENTERTAINMENT GROUP. | § | |
| | § | |

| | | |
|---|---|---|
| T-REX PROPERTY AB, | § | |
| | § | |
| v. | § | |
| | § | Case No. 6:16-cv-974-JDK-KNM |
| CLEAR CHANNNEL OUTDOOR | § | (Consolidated Case) |
| HOLDINGS, INC; CLEAR TV MEDIA | § | |
| USA, INC.; and MONSTER VISION, | § | |
| LLC D/B/A/ MONSTER MEDIA. | § | |
| | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Judge Mitchell has presented for consideration her Reports and Recommendations (Docket Nos. 153 and 179, the "Reports"), which contain her findings, conclusions, and recommendations regarding the infringement portion of Defendants' Motion for Summary Judgment (Docket No. 130). The first infringement Report (Docket No. 153) recommended denying summary judgment of noninfringement on all asserted patents. In the second Report (Docket No. 179), the Magistrate Judge reconsidered one basis for noninfringement as to U.S. Patent No 6,430,603 ("the '603 Patent") and recommended granting summary judgment. Defendants Clear Channel Outdoor Holdings, Inc.; Clear TV Media USA, Inc.; and

Monster Vision, LLC objected to the Magistrate Judge's first infringement Report.[1]

Docket No. 157. Plaintiff objected to the Magistrate Judge's second infringement

Report. Docket No. 182. Having reviewed the briefing on the motion, the Reports,

and the written objections, and for the reasons explained below, the Court **ADOPTS**

the Magistrate Judge's Reports and Recommendations (Docket Nos. 153; 179),

**DENIES** summary judgment of noninfringement as to U.S. Patent No. RE39,470

("the '470 Patent") and U.S. Patent No. 7,382,334 ("the '334 Patent"), and **GRANTS**

summary judgment of noninfringement as to the '603 Patent.

## I.    APPLICABLE LAW

The Court reviews objected-to portions of the Magistrate Judge's Report and

Recommendation de novo. FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of

the court shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."). In

conducting a de novo review, the Court examines the entire record and makes an

independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*,

28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Granting a motion for summary judgement is proper only when "there is no

genuine dispute as to any material fact and the movant is entitled to judgement as a

matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists

---

[1] Defendants Clear TV Media USA, Inc. and Monster Vision, LLC have since been dismissed from this action. Docket No. 172. Accordingly, the Court **OVERRULES** as **MOOT** all objections to the Report those two parties raised.

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The movant, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Once the movant makes a properly supported motion for summary judgment, the nonmovant must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.* (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir.2007)).

## II.    PARTY OBJECTIONS

### A.    Defendant Clear Channel's Objections

Clear Channel objects to the Magistrate Judge's recommendation that summary judgment be denied as to the '470 and '334 Patents. Docket No. 157. Clear Channel specifically objects to the Magistrate Judge's findings on whether: (1)

"mediators" or "external information mediators" need to be involved in updating the exposure list; (2) the accused systems "update" the exposure list when they "overwrite" an XML file; and (3) the accused systems perform "dynamic" updating.

### 1. Mediator involvement in updating the exposure list

The Report found that the asserted claims of the '470 Patent and '334 Patent do not require that "external information mediators" or "mediators" (collectively, "mediators") update the exposure list. Clear Channel objects to this finding, arguing that under this interpretation, the claims are invalid as abstract. Docket No. 157 at 4–5. Clear Channel does not, however, identify any language in the asserted claims requiring mediators to directly update the exposure list.

The Court recently held claims 25 and 26 of the '470 Patent invalid as directed to patent-ineligible subject matter under 35 U.S.C. § 101. Docket No. 183 at 11. But the Court also considered and denied summary judgment of invalidity of the '334 Patent, claim 32. *Id.* at 6-7. Granted patents are presumed valid, and the challenger must prove that a patent is invalid, including due to ineligible subject matter. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). As the invalidity Order discussed, Clear Channel provided no independent invalidity analysis for claim 32 of the '334 Patent. Docket No. 183 at 11. And Clear Channel's objections on the infringement Report do not cure that deficiency. Rather, they include only bare conclusions that the claim is directed to an abstract idea. Docket No. 157 at 5. Accordingly, Clear Channel has not carried its burden to show that claim 32 of the '334 Patent is invalid.

Because Clear Channel has not shown that claim 32 of the '334 Patent requires the mediator to directly update the exposure list and has not shown that the claim is invalid, Clear Channel's objections on this claim fail. Clear Channel does not challenge the substance of the Report's infringement holding on the '470 Patent claims—that is, that the claims do not *require* direct access to the exposure list by mediators. Accordingly, the Court **OVERRULES** Clear Channel's objections on this issue.

### 2. Updating the exposure list

Clear Channel also argues that the Magistrate Judge erred in finding a material fact question regarding whether the accused systems "update" the exposure list by overwriting an XML file. Docket No. 157 at 7–8. Clear Channel objects that even if "overwriting" can constitute "updating," as T-Rex's expert opines, overwriting does not change the *existing* exposure list, as the asserted claims require. *Id.*

Clear Channel's objection merely restates the relevant fact question. Whether a person of ordinary skill in the art would understand replacing an existing XML file with a new XML file as the claimed "updating" is a question of fact. T-Rex's expert opines that it does. Docket No. 144 at 22 ("T-Rex's expert also opined that 'overwriting' is 'consistent with the term "update" and the Court's construction, which uses the word "change"' because 'neither the patent nor the Court's construction is limited to' a particular 'method[] for altering a file in performing this limitation.'" (quoting Docket No. 144-3 ¶ 65)). Clear Channel's expert disagrees. Docket No. 130 at 13 ("Clear Channel's expert witness, Mr. Ed Tittel, has likewise examined the accused systems and found that they are not capable of 'updating' an existing

exposure list; rather, exposure lists that are created by the AdPortal systems—i.e., the XML file—are static and only capable of being fully replaced in the system." (citing Docket No. 130—7 ¶ 11)). As the Magistrate Judge's Report correctly explained, these conflicting expert opinions demonstrate a genuine issue of material fact that make summary judgment inappropriate. *See B-K Lighting, Inc. v. Fresno Valves & Castings, Inc.*, 375 F. App'x 28, 32 (Fed. Cir. 2010). Accordingly, the Court **OVERRULES** Clear Channel's objections on this issue.

### 3. "Dynamically" updating the exposure list

Clear Channel objects to the Magistrate Judge's recommendation to deny summary judgment of non-infringement as to the '470 and '334 Patents because a fact question exists as to whether the accused systems "dynamically" update the exposure lists. Docket No. 157 at 5–7. "Permitting said exposure list to be dynamically updated" was construed to mean "providing the functionality to instantaneously change the exposure list or change the exposure list after a short delay due to processing or other quickly passing cause." Docket. No. 104 at 10. The Magistrate Judge found that a fact question exists as to whether a five- or six-step updating process involving human intervention constitutes dynamic updating. Clear Channel contends that, by failing to define the start of the "updating" process, the Report "creates a temporal limitation with an unknown starting point," which would "render the 'dynamic' limitations indefinite." Docket. No. 157 at 6.

The Court disagrees. The Report properly finds that T-Rex has provided evidence creating a fact question on whether the accused systems meet this limitation. Docket No. 153 at 19-20. T-Rex's expert opines that this limitation is met

and explains why he thinks so. Docket No. 144 at 24-28. T-Rex also provides evidence from Clear Channel's own documentation that this limitation is met: "[Y]ou can do a manual publish to ensure it occurs immediately." *Id.* at 26. Based on the evidence presented, whether the accused system actually updates the exposure list "instantaneously" or "after a short delay" is a fact question that the Court will not decide on summary judgement. Accordingly, the Court **OVERRULES** Clear Channel's objections on this issue.

## B.    Plaintiff T-Rex's Objections

The Magistrate Judge's revised Report recommends granting summary judgment as to the '603 Patent because Clear Channel is licensed to practice that patent. Docket No. 179. As explained in the Report, Clear Channel and Novus Partners, LLC entered into a license agreement that included the '603 Patent in November 2005. Docket No. 179 at 4. The parties' dispute centers on an alleged change in control of Clear Channel in July 2008 that T-Rex argues triggered a notice requirement under section 7.2 of the license agreement.[2] Docket No. 182 at 5-6. Clear Channel does not dispute that it did not provide notice. The Report held that even if Clear Channel breached the agreement by failing to notify Novus, the breach was either not material or triggered the license agreement's termination requirements that Novus failed to follow. Docket No. 179 at 10. In either case, the breach did not terminate the license agreement.

---

[2] Section 7.2 states in part: "In the event that there is a change of control . . . from that existing as of the Effective Date in Licensee, Clear Channel Outdoor Holdings, Inc., or any of its Affiliates, this Agreement shall continue as to that entity for which such change occurred, so long as Licensee provides notice to NOVUS within sixty (60) days of the change." Docket No. 130-11 § 7.2.

T-Rex objects, arguing that because Clear Channel failed to comply with the license agreement's terms, the Agreement lapsed. Docket No. 182. According to T-Rex, section 7.2's notice requirement is conditional, and Clear Channel's failure to notify Novus of the ownership change was not a breach that invoked the license agreement's section 10 termination procedures. *Id*. at 1-2. Clear Channel argues that T-Rex improperly ignores the fact that Clear Channel and Novus amended the license agreement in 2009, over a year after the alleged change in control. Docket No. 184 at 2.

Contract interpretation is a matter of law properly before the Court on summary judgment. *E.g.*, *Lloyds of London v. Transcontinental Gas Pipe Line Corp.*, 101 F.3d 425, 429 (5th Cir. 1996) (citing *Liberty Mut. Ins. Co. v. Pine Bluff Sand & Gravel Co.*, 89 F.3d 243, 246 (5th Cir. 1996)). Under T-Rex's interpretation, failure to provide notice under section 7.2 merely results in a non-extension of the license agreement to the non-compliant entity, but does not terminate the agreement as to other affiliated entities, and thus does not invoke section 10's termination procedures. However, T-Rex cites no law to support its argument that section 7.2 contains a condition that should be considered in isolation, apart from the entire license agreement. And Ohio law—which governs the agreement—requires the Court to give full effect to the entire contract, construing each term in concert with the whole. *Broad St. Energy Co. v. Endeavor Ohio, LLC*, 975 F.Supp.2d 878, 884 (S.D. Ohio 2013). Section 10 of the license agreement specifically governs term and termination. Docket No. 130-11. As the Magistrate Judge held, automatic

termination due to a failure to notice under section 7.2 would nullify the express terms of the agreement's termination provision. Docket No. 179.

Further, the Magistrate Judge properly noted that if Clear Channel failed to comply with section 7.2's notice provision, the resulting breach would not necessarily result in termination of the license. Docket No. 179 at 10. Under Ohio law, a non-material breach is one that is not essential to the purpose of the agreement. *See Ohio Educ. Ass'n v. Lopez*, 10th Dis. No. 09AP-1165, 2010 WL 4102948 at *3 (Ohio Ct. App. Oct. 19, 2010). If the alleged failure to notify NOVUS was a non-material breach, it is not grounds for termination of a contract. *See Kersh v. Montgomery Dev. Ctr.*, 519 N.E.2d 665, 668 (Ohio Ct. App. 1987). Yet, by the agreement's own terms, a material breach requires compliance with section 10's termination procedures. Docket No. 130-11 § 10.2. T-Rex does not dispute that Novus failed to follow section 10.2's notice provision prior to any termination. *See* Docket No. 182.

The parties' 2009 amendment further supports the position that the license agreement did not terminate or lapse based on the potential change in control in July 2008. Novus was aware of Clear Channel's ownership transaction by "late 2008." Docket No. 144-9 ¶ 4. Despite this knowledge, Novus agreed to amend the license agreement in September 2009. Docket No. 144-12.

Under governing Ohio law, "a party may relinquish a right by either express words or by conduct which seems to dispense with performance at the designated time." *Thomas v. Nat'l Coll. of Va., Inc.*, 901 F. Supp. 2d 1022, 1032 (S.D. Ohio 2012) (quoting *Hacker v. Nat'l Coll. of Bus. & Tech.*, 927 N.E.2d 38, 42 (Ohio Ct. App. 2010)).

"Even if time is of the essence, a time requirement 'may be waived when the party to be benefitted does any act inconsistent with the supposition that he continues to hold the other party to his part of the agreement.'" *Id.* Here, Novus potentially had the right to enforce the notice condition of section 7.2 and let the license agreement lapse. But Novus's agreement to a later amendment was inconsistent with enforcing the notice provision against Clear Channel. Thus, Novus's conduct dispensed with performance of that provision. This provides a second and independent basis for finding that the license agreement remains valid.

As explained above, the Magistrate Judge properly found that the license agreement is still in effect as to the '603 Patent. A party cannot infringe a Patent to which it has a valid license. Accordingly, the Court **OVERRULES** T-Rex's objections on this issue.

## III.   CONCLUSION

Having reviewed the objected-to portions de novo, the Court **ADOPTS** the Magistrate Judge's Reports and Recommendations (Docket No. 153 and 179). As explained above, the Court **DENIES** summary judgment of noninfringement as to the '470 Patent and the '334 Patent and **GRANTS** summary judgment of noninfringement as to the '603 Patent.

So **ORDERED** and **SIGNED** this **29th** day of **October, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE